IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | |
| | : | No. 2:24-cv-51 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PINE-RICHLAND | : | |
| SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |

## DECLARATION OF DR. BRIAN MILLER

On this 21st day of March, 2024, I, Dr. Brian Miller, make the following declaration pursuant to 28 U.S.C. §1746:

1. I am over the age of 18, suffer no legal disabilities, have personal knowledge of the facts set forth below, and am competent to testify.

2. I am currently employed by the Pine-Richland School District as its Superintendent, and have held this position since July 1, 2013. I have been involved in education at the administrative level since August, 2001, and have previously held the following administrative roles: assistant principal; principal; assistant superintendent for curriculum; assistant superintendent for secondary education; and, assistant superintendent for K-12 education.

3. I am responsible for the administration of the schools under the direction of the School Board, in compliance with all requirements of Board Policy and the School Code. As chief executive officer, I, in collaboration with the Administrative team, am responsible for overseeing, directing, and administering all operations and activities of the School District including, without limitation, the planning, development, and implementation of all curricular, co-curricular, and extra-curricular programs and activities, and all day-to-day business and personnel

376798,10787.239

operations of the School District.

4. The current Pine-Richland School District Policy 103, adopted on May 18, 2009 and last revised on January 11, 2021, was revised following the implementation of the 2020 Amendments to Title IX, in accordance with guidance set forth by the United States Department of Education and the Office of Civil Rights. Policy 103 is the policy on non-discrimination on the basis of race, age, creed, religion, sex, sexual orientation, gender or gender identity, ancestry, national origin, marital status pregnancy or handicap/disability in District-sponsored programs or activities, including transportation to or from school or school-sponsored activities.

5. Policy 103 is administered within the District pursuant to three (3) Administrative Regulations, AR 103 (A), (B) and (C). The current Administrative Regulation 103(B) of the Pine-Richland School District, Nondiscrimination in School and Classroom Practice-Gender and Gender Identity, is at issue in this matter and was implemented on July 17, 2017, in accordance with, and as a part of a confidential settlement agreement in the matter of *Evancho, et. al. v. Pine-Richland School District*, Docket No. 2:16-cv-01537-MRH (Filed October 6, 2016, W.D. Pa.).

6. Administrative Regulation 103(B) has been, and remains, in full force and effect since its implementation as the status quo at the District. AR 103(B) offers guidance to school employees and administrators on the manner in which to support students on the basis of gender identity. AR 103(B) provides guidance to staff and employees on how to protect the health, safety and welfare of the student seeking support pursuant to AR 103(B), providing guidance related to safeguarding the student, including the protected health information and educational records of the students seeking support pursuant to AR 103(B).

7. A number of current and former District students and their families have availed themselves of the support provided by Administrative Regulation 103(B). Some of these families have reinforced the importance of AR 103(B) during public School Board meetings. They have said that, if the implementation of AR 103(B) were to be enjoined now, such a drastic measure would disrupt the status quo and would cause their students to suffer harm that impacts those students' ability to access their education.

8. After a thorough investigation, I can confirm that a parent/guardian for all students of the Pine-Richland School District supported under Administrative Regulation 103(B) is aware of, and involved in, its implementation.

9. Following receipt of the Complaint, the Preliminary Injunction and the confidential disclosure of the identity of the Doe parent and student, I can attest that Plaintiff's child has not sought support under Administrative Regulation 103(B). Plaintiff's child has not approached any employee, staff member, or administrator for support, guidance, or in search of any benefit provided by Administrative Regulation 103(B).

10. Specifically, the Principal reports routine interactions with Plaintiff's child, all of which were positive in nature.

11. Further, the school counselor reports having only had routine interactions with Plaintiff's child, which occurred in class and/or were for routine class scheduling purposes, all of which were positive in nature.

12. There is no Policy or Administrative Regulation of the Pine-Richland School District that permits, encourages, or recommends a psychological evaluation of a student without parental consent in any circumstance.

13. The Student Support Team composed of appropriate building level personnel works with the parent/guardian across grades levels as an integral part of the process.

14. Pine-Richland School District receives Federal funding for special education programs, Title I programs (which assist disadvantaged students), and food services, all on the condition that the District complies with Title IX. Such services and programs are an integral part of the District's overall mission to provide the best possible education to its students.

15. In reviewing this matter over a period of many years, I understand that the interpretive guidance issued by the United States Department of Education and Office for Civil Rights requires School Districts to recognize discrimination on the basis of gender identity as an expansion and protection under Title IX, including as recently as in its Notice of Interpretation, June 16,2021.

16. If Administrative Regulation 103(B) is set aside, in whole or in part, the District will be in direct violation of the settlement agreement and Orders issued by this Court, including in the *Evancho, et. al. v. Pine-Richland School District*, Docket No. 2:16-cv-01537-MRH (Filed October 6, 2016, W.D. Pa.) matter.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: 3/21/2024

_____
Brian R. Miller, Ed.D.
Superintendent

376798,10787.239