IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>PINE-RICHLAND SCHOOL DISTRICT,<br><br>*Defendant*. | Civil Action No. 2:24-cv-51<br><br>Hon. William S. Stickman IV |

**MEMORANDUM ORDER**

Plaintiff Jane Doe ("Doe") brought this action against Defendant Pine-Richland School District ("School District"). (ECF No. 1). Doe alleged that the School District's Administrative Regulation 103(B) ("AR 103(B)") (concerning gender-related issues) violated her parental rights under the United States Constitution and 20 U.S.C. § 1232h. Plaintiff alleged that she was the parent of a student in the School District and was concerned that her child would be subject to AR 103(B) if he or she should express gender related issues. Further, Doe expressed concern that, under the terms of AR 103(B), she may not be informed of any interaction between the School District and her child concerning gender-related issues. (*Id.* ¶ 38). Doe filed her Amended Complaint ("Amended Complaint") on April 12, 2024, adding claims under Pennsylvania statutory and common law. (ECF No. 31). Doe filed her Second Amended Complaint ("Second Amended Complaint") on September 19, 2024. (ECF No. 47).

Doe sought a preliminary injunction barring the implementation of the relevant terms of AR 103(B).[1] (ECF No. 5). On May 7, 2024, the Court issued a Memorandum Opinion denying Doe's request for a preliminary injunction. (ECF No. 37). The Court held that Doe had not demonstrated a reasonable likelihood of success on the merits because she failed to demonstrate the requisite standing required by Article III of the Constitution. (*Id.* at 7-16). On a related note, the Court also held that Doe failed to show the likelihood of immediate harm from the denial of the requested injunction. (*Id.* at 16). In making its determination, the Court relied upon well-established caselaw concerning Article III standing, as well as persuasive cases from other courts, circuit and district, brought by similar parties challenging similar school policies.[2] (*Id.* at 9-14). The Court found that Doe had not alleged sufficient immediacy of harm to establish

---

[1] Although Doe was given the opportunity to conduct a full evidentiary hearing to create a record in support of her claims and to cross-examine the School District's declarant, she elected not to do so and proceeded on her pleadings. (ECF No. 30).

[2] *See e.g., John & Jane Parents 1 v. Montgomery Cnty. Bd. of Educ.*, 78 F.4th 622, 630 (4th Cir. 2023) (holding that parent plaintiffs lacked standing to challenge the defendant school district's "Guidelines for Gender Identity" because the parents failed to allege an actual or imminent injury when they did not allege that their children had gender support plans or that their children had discussions with school officials about gender identity or transitions), *cert. denied* 144 S. Ct. 2560 (2024); *Parents Protecting Our Child., UA v. Eau Claire Area Sch. Dist., Wisconsin*, 657 F. Supp. 3d 1161 (W.D. Wis. 2023) (same), *aff'd*, 95 F.4th 501 (7th Cir. 2024); *Parents Defending Educ. v. Linn Mar Cmty. Sch. Dist.*, 83 F.4th 658 (8th Cir. 2023) (same); *Kaltenbach v. Hilliard City Sch.*, No. 2:23-CV-187, 2024 WL 1831079, at *2-5 (S.D. Ohio Apr. 19, 2024) (holding that one parent plaintiff had standing to challenge the defendant school district's policy when the parent's child was subjected to the defendant's gender-related policy without the parent's knowledge and was referred to by a different name and pronouns at school (without parental knowledge) and holding that other parent plaintiffs lacked standing when the parents did not allege that their children ever reported or will report issues to school officials dealing with their gender identity or mental illness). Since the Court's May 7, 2024, Memorandum Opinion, the United States District Court for the District of New Jersey dismissed claims brought by parents challenging a substantially similar school policy, also holding that they failed to establish Article III standing for similar reasons as present in this case. *Short v. New Jersey Department of Education*, 2024 WL 3424729, at *5 (D. N.J. July 16, 2024).

Article III standing. (*Id.* at 17). While Doe may have grave misgivings about AR 103(B), the Court held that she did not demonstrate current injury or immediate future injury. (*Id.* at 15).

Doe appealed the Court's denial of preliminary injunctive relief. (ECF No. 39). The United States Court of Appeals for the Third Circuit dismissed her appeal. (ECF No. 44). After a status conference, the Court gave Doe leave to file her Amended Complaint. (ECF No. 47). The Amended Complaint does not add any material facts with respect to the interaction between the School District and Doe or her child that were not before the Court when it adjudicated the requested injunction. In fact, the only material change with respect to the facts is that Doe's child no longer attends one of the School District's schools. The child is enrolled in a parochial school. (*Id.* ¶¶ 40-43). Doe avers that she would consider reenrolling her child with the School District if AR 103(B) were repealed, declared unconstitutional, or enjoined. (*Id.* ¶ 43).

The School District filed a motion to dismiss the Second Amended Complaint. (ECF No. 48). It argues that, as the Court has already determined, Doe has not demonstrated Article III standing. (*Id.* at 4). In further support of its argument, the School District notes that the transfer of Doe's child to a parochial school further demonstrates Doe's lack of standing. (*Id.* at 3). Doe responds by reiterating the standing arguments that she made in the context of the request for the preliminary injunction. (ECF No. 51, pp. 1-3). She also argues that the enrollment of her child in a parochial school does not render this action moot because she continues to seek damages for constitutional violations that she believes occurred while her child was enrolled with the School District. (*Id.* at 14-17). Notably, neither the School District's motion (ECF No. 48), nor its accompanying brief (ECF No. 49), make a single reference to the doctrine of mootness.

In its Memorandum Opinion denying preliminary injunctive relief, the Court explained that Doe's Amended Complaint failed to establish Article III standing. (ECF No. 37, pp. 7-16).

The Court hereby incorporates by reference the standing analysis set forth in its prior Memorandum Opinion. Neither the allegations set forth in Doe's Second Amended Complaint, nor the arguments in Doe's brief, change the Court's analysis or determination. The only material factual amendment to the complaint is that Doe has removed her child from the School District and enrolled the child in a parochial school. This change strengthens the Court's determination that Doe is not able to show an actual injury or an immediate future injury necessary to confer standing under Article III.

Doe's briefing is focused on her theory of why the change of schools does not render her action moot. She contends that this action is not moot because she is still seeking damages, even nominal, for past constitutional violations. (ECF No. 51, pp. 14-17). Her argument is misplaced. As the Court has previously held, Doe did not have standing to assert this lawsuit from the initiation of the action—the point from which Article III standing is measured. *See Lutter v. JNESO*, 86 F.4th 111, 124 (3d Cir. 2023) ("[A] plaintiff in federal court must have Article III standing on the date the lawsuit was commenced."). Since Doe never established standing, there was never a cognizable claim to become moot as a result of subsequent developments. The Court's analysis does not change. Doe has failed to establish Article III standing for the same reasons articulated in the Court's previous Memorandum Opinion.[3]

As the Court has previously stated, the Constitution does not give federal courts the authority to decide issues, even issues which the parties may care about deeply. Article III only confers upon federal courts the authority to decide cases and controversies. Doe's Second

---

[3] "An amended complaint – while the operative pleading for purposes of evaluating the sufficiency of the allegations, the viability of the claims, and the requested relief – does not restart the date for assessing standing." *Lutter*, 86 F.4th at 125. Instead, an amended complaint "provides additional information that can be used to evaluate standing *as of the date that the lawsuit was filed*." *Id.* (emphasis added).

Amended Complaint falls short of demonstrating an actual case and controversy as she has not pled a legally cognizable injury or an immediate future injury. Doe lacks standing and, as such, the Court is compelled to grant the School District's motion.

AND NOW, this 12 day of December 2024, IT IS HEREBY ORDERED that Defendant Pine-Richland School District's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 48) is GRANTED. All claims are hereby dismissed with prejudice.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE